**GRACO CHILDREN'S PRODUCTS, INC., Plaintiff,**

v.

**REGALO INTERNATIONAL, LLC, Defendant.**

**No. C.A. 97–6885.**

United States District Court, E.D. Pennsylvania.

Dec. 16, 1999.

Anthony S. Volpe, John J. O'Malley, Volpe and Koenig, P.C., Philadelphia, PA, Richard B. O'Planick, Wooster, OH, for Plaintiff.

Hugh J. Hutchison, Leonard, Tillery and Sciolla, Philadelphia, PA, Paul G. Neimann, Paul J. Yechout, Moss and Barnett, Minneapolis, MN, Matthew A. Taylor, Duane, Morris & Heckscher, Frederick A. Tecce, Philadelphia, PA, Steven Rosenblatt, Duane, Morris & Heckscher LLP, Philadelphia, PA, Barry Lazarus, Moss & Barnett, Minneapolis, MN, for Defendant.

### MEMORANDUM

ROBERT F. KELLY, District Judge.

Before this Court is a request by Defendant Regalo International, LLC ("Regalo"), to reconsider this Court's Order, dated November 29, 1999, finding that Plaintiff Graco Children's Products, Inc. ("Graco") is not bound by the claim construction in *Graco Children's Products v. Century Products Co.*, No. CIV. A. 93–6710, 1996 WL 421966 (E.D.Pa. July 23, 1996) (*"Graco I"*). For the following reasons, Regalo's request will be denied.[1]

### STANDARD OF REVIEW

██ "The United States Court of Appeals for the Third Circuit has held that '[t]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.'" *Cohen v. Austin*, 869 F.Supp. 320, 321 (E.D.Pa.1994) (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985), *cert. denied*, 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986)). Accordingly, a district court will grant a party's motion for reconsideration in any of three situations: (1) the availability of new evidence not previously available, (2) an intervening change in controlling law, or (3) the need to correct a clear error of law or to prevent manifest injustice. *Dodge v. Susquehanna Univ.*, 796 F.Supp. 829, 830 (M.D.Pa.1992). In this case, Regalo contends that reconsideration is warranted to correct a clear error of law regarding the binding nature of a *Markman* decision.

### BACKGROUND

Graco's suit against Regalo is not the first infringement action regarding United States Patent No. 4,811,437 (the " '437 patent" or the "patent-in-suit"), an invention for a child's playpen that was intended to be easy to transport. In 1995, a trial before the Honorable Louis C. Bechtle was held on Graco's patent infringement suit against Century Products Company, Inc. ("Century"), alleging that, by making and selling the Fold 'N Go, Century willfully infringed eight of the '437 patent's twenty-six claims.

Before trial, Judge Bechtle held a hearing and ruled on the issue of claim construction pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996). A jury trial followed. On December 5, 1995, the jury found that the accused device infringed the eight asserted claims of the '437 patent under the doctrine of equivalents and awarded Graco $2,100,000.00 in damages. The jury also found that the Fold 'N Go did not literally infringe the '437 patent, that the infringement under the doctrine of equivalents was not willful, and

---

1. It is worth noting that Regalo requested reconsideration by letter, dated December 2, 1999. While Graco is correct in that Regalo has not complied with Fed. R. Civ. P. 7 or Local Rule of Civil Procedure 7.1, this Court will treat Regalo's request as a Motion for Reconsideration.

the that the '437 patent is not invalid for obviousness or lack of specificity.

On February 1, 1996, the court held that the '437 patent was not unenforceable due to inequitable conduct. Later, on July 23, 1996, the court ruled on post-trial motions, finding that substantial evidence supported the jury's verdict on all issues and that it did not commit an error entitling either party to a new trial on any issue. *Graco,* 1996 WL 421966.

On August 7, 1996, Century filed a Notice of Appeal to the Federal Circuit Court of Appeals. Then, on August 23, 1996, Graco filed a Protective Notice of Cross-appeal to the Federal Circuit. These appeals were dismissed, however, after a settlement between the parties was reached.

On October 27, 1999, counsel for Regalo requested that this Court find Graco to be bound by issue preclusion to the prior claim interpretation from *Graco I* of the term "unitary central hub member" found in claim 1 of the '437 patent. Oral argument on this issue was held on November 24, 1999. Then, on November 29, 1999, this Court ordered that Plaintiff was not bound by the claim interpretation from *Graco I*. In doing so, this Court explained that the parties in the previous litigation did not have adequate incentive to litigate the matter fully since the case had settled before appellate review could occur.[2]

Subsequently, Counsel for Graco advised this Court of a recent decision issued by the United States District Court for the Southern District of New York, *TM Patents, L.P. v. IBM Corp.,* 72 F.Supp.2d 370 (S.D.N.Y.1999), in which the court concluded that a *Markman* decision has binding

effect despite a subsequent settlement before appeal. Regalo now requests that this Court reconsider its November 29th Order based on the *TM Patents* case.[3]

## DISCUSSION

 The parties in this case have requested this Court to rule on an issue of first impression regarding whether a party who receives a favorable verdict in a patent infringement suit should be bound by the trial court's interpretation of a term within the claim of the patent at issue that becomes the subject of a subsequent litigation. "Under the doctrine of issue preclusion, also called collateral estoppel, a judgment on the merits in a first suit precludes relitigation in a second suit of issues actually litigated and determined in the first suit." *In re Freeman,* 30 F.3d 1459, 1465 (Fed.Cir.1994). Generally, issue preclusion is appropriate if: (1) the issue sought to be litigated is identical to one decided in a prior action; (2) the issue is actually litigated in the prior action; (3) resolution of the issue is essential to a final judgment in the prior action; and (4) the party against whom collateral estoppel is sought had a full and fair opportunity to litigate the issue in the first action. *A.B. Dick Co. v. Burroughs Corp.,* 713 F.2d 700, 702 (Fed.Cir.1983), *cert. denied,* 464 U.S. 1042, 104 S.Ct. 707, 79 L.Ed.2d 171 (1984).

In the context of a patent infringement action, collateral estoppel has obtained a unique significance after *Markman v. Westview Instruments, Inc.,* 517 U.S. 370, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996). In *Markman,* the Supreme Court recognized "the importance of uniformity in the treat-

---

**2.** In this Court's November 29th Order, the Third Circuit Court of Appeals, rather than the Federal Circuit Court of Appeals, was mistakenly listed as the appellate court that would have reviewed the rulings made in the prior litigation. This Court acknowledges that "Congress created the Court of Appeals for the Federal Circuit as an exclusive appellate court for patent cases, H.R.Rep. No. 97–312, pp. 20–23 (1981), observing that increased uniformity would 'strengthen the United States patent system in such a way as to foster technological growth and industrial

innovation.'" *Markman v. Westview Instruments, Inc.,* 517 U.S. 370, 390, 116 S.Ct. 1384,·134 L.Ed.2d 577 (1996).

**3.** The parties were asked to do supplemental briefing on the applicability of the first exception to the general rule of issue preclusion, found in § 28 of the Restatement (Second) of Judgments, to the case at hand. In addition, the parties were asked to examine *Jackson Jordan, Inc. v. Plasser American Corporation,* 747 F.2d 1567, 1576 (Fed.Cir.1984), and its effect on the instant action.

ment of a given patent as an independent reason to allocate all issues of claim construction to the court." *Id.* at 390, 116 S.Ct. 1384. Up until that time, issues of claim construction were submitted to a jury as part of their determinations with respect to validity or infringement. But the Court· in *Markman* concluded that "treating interpretative issues as purely legal will promote (though it will not guarantee) interjurisdicitonal certainty through the application of stare decisis on those questions not yet subject to interjurisdictional uniformity under the authority of the single appeals court." *Id.*

Prior to *Markman,* the Federal Circuit Court of Appeals decided *Jackson Jordan,* holding that the United States District Court for Eastern District of Virginia erred in giving collateral estoppel effect to a decision in a prior infringement suit. In doing so, the appellate court applied the Restatement (Second) of Judgments § 28(1), stating:

> In a sense, a party can be said to have "lost" if it urged a broad scope of the claim, and the court upheld validity on a narrower interpretation. However, if˙a claim is held valid and infringed on a narrower than necessary basis, the patent owner cannot appeal. Thus, under the first exception to issue preclusion noted in Restatement § 28(1) (availability of review), Canron could not invoke an estoppel against Plasser since Plasser won on both validity and infringement.

*Jackson Jordan,* 747 F.2d at 1577–78. Here, the parties agree that *Jackson* stands for the proposition that Exception 1 to § 28 of the Restatement (Second) of Judgments is applicable in patent suits where a plaintiff has won a lawsuit on infringement, but believes a claim at issue was too narrowly construed and, having won, has no reason to appeal. However, the parties dispute whether *Jackson* is still good law after *Markman,* identifying *TM Patents,* a case of first impression from the Southern District of New York, as the only authority that has addressed the issue at hand.

In *TM Patents v. IBM,* the plaintiff had previously sued a competitor of IBM, EMC Corporation, in Massachusetts federal court. Before the EMC action went to trial, a *Markman* hearing was held, at which time the Massachusetts court was asked to construe some of the claims disputed in TM's subsequent lawsuit against IBM. As a result, IBM asserted that TM was bound by the Massachusetts court's claim interpretation in the EMC action. TM responded that because the EMC action settled during trial, TM was not collaterally estopped from relitigating how the claims should be construed. The court concluded that the Massachusetts court's resolution of the meaning of certain disputed patent terms following a *Markman* hearing, at which TM had a full and fair opportunity to litigate the meaning of those terms, was binding on the plaintiffs in the subsequent action. *TM Patents,* 72 F.Supp.2d at 374–375. In doing so, the court analyzed pre-*Markman* Federal Circuit Court of Appeals cases cited by TM, including *Jackson Jordan,* and found them to be inapplicable in light of the purpose of‚ *Markman* hearings. 72 F.Supp.2d at 378–79.

There is no question that, by instructing courts to decide issues of claim construction in patent cases, the Court in *Markman* recognized the importance of uniformity in the treatment of a given patent. However, the Court in *Markman* did not guarantee that collateral estoppel would apply in every case, and this Court will not extend the Supreme Court ruling to mean as much, especially where, as here, the circumstances of the instant action require that a different result be reached. *Cf. Cybor Corp.˙v. FAS Technologies, Inc.,* 138 F.3d 1448, 1456 (Fed.Cir.1998) (reading *Markman* as solely addressing respective roles of judge and jury at trial level). In this regard, the Restatement (Second) of Judgments § 28 provides for exceptions to the general rule of issue preclusion. More specifically, § 28 provides:

Although an issue is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, relitigation of the issue in a subsequent action between the parties is not precluded in the following circumstances:

(1) The party against whom preclusion is sought could not, as a matter of law have obtained review of the judgment in the initial action; . . . .

RESTATEMENT (SECOND) OF JUDGMENTS § 28(1) (1980).

■ With respect to Graco's opportunity or incentive to appeal, Regalo points out that Century did file an appeal prior to the settlement agreement and, thus, opened the door to the appeals process, allowing Graco to file a cross-appeal on the issue of claim construction, although Graco chose not to do so.[4] Def.'s Brief on Applicability of Rest.2d of Judgments at 4. The subsequent appeal was dismissed after a settlement was reached. However, because Graco won on its claim of patent infringement, but lost on a claim interpretation issue, no issue preclusion attaches to the lost issue of claim interpretation since it could not by itself be appealed. *Hartley v. Mentor Corp.*, 869 F.2d 1469, 1472 (Fed. Cir.1989) (where party wins on claim, but loses on issue, no issue preclusion attaches to lost issue which could not by itself be appealed).

Moreover, "to apply issue preclusion to a claim interpretation issue decided in a prior infringement adjudication, 'the interpretation of the claim had to be the reason for the loss [in the prior case] on the issue of infringement.'" *Freeman*, 30 F.3d at 1466 (citing *Jackson Jordan*, 747 F.2d at 1577). Significantly, Graco did not lose in the previous litigation but, instead, obtained a jury verdict in its favor based on the doctrine of equivalents, making the court's interpretation of the term within the patent claim not essential to the final judg-

ment in that case. *See* RESTATEMENT (SECOND) OF JUDGMENTS § 28 cmt. a (1980) ("[I]f there was an alternative determination adequate to support the judgment, the rule of § 27 does not apply."); *see also A.B. Dick Co.*, 713 F.2d at 704 ("[J]udicial statements regarding the scope of patent claims are entitled to collateral estoppel effect in a subsequent infringement suit only to the extent that determination of scope was essential to a final judgment on the question of validity or infringement.").

In addition, Plaintiff convincingly argues that granting preclusory effect to claim construction would encourage more appeals and discourage settlement. Under such circumstances, a plaintiff who obtains a favorable verdict would still be compelled to file an appeal rather than be content with winning the lawsuit or settling the case in order to correct what they perceive as unduly narrow claim construction. While Regalo contends that these concerns should take a back seat to the policies behind the *Markman* decision—that the public is entitled to know the metes and bounds of a claim and that relitigation of already-decided issues creates an unnecessary burden on the court system, such countervailing considerations are not present in this case since the previous litigation involved only the interpretation of the term "unitary central hub member" found in claim 1 of the '437 patent, as the parties in that case did not dispute the meaning of the entire claim. *See Freeman*, 30 F.3d at 1467 (because doctrine of issue preclusion is premised on principles of fairness, court is not without some discretion to decide whether a particular case is appropriate for application of the doctrine).

To summarize, this Court finds that although the Supreme Court in *Markman* found that questions of construction of patents, including terms of art within a claim, are exclusively within the province of the

---

4. Regalo adds that Plaintiff could have appealed on several other issues, including an insufficient damage award or the failure to award attorney's fees. Such a contention, however, ignores the fact that Graco was awarded $2,100,000.00 in the previous litigation.

court to decide, in view of, among other things, the importance of uniformity in the treatment of a given patent, circumstances may exist where, as here, despite a previous court having held a hearing on the claim construction of a patent pursuant to *Markman,* collateral estoppel will not apply to such decisions.

Based on the above, Regalo's request for reconsideration of this Court's November 29, 1999 Order will be denied. An order will follow.

### ORDER

AND NOW, this 16 th day of December, 1999, upon consideration of the request by Defendant Regalo International, LLC, to reconsider this Court's Order, dated November 29, 1999, finding that Plaintiff Graco Children's Products, Inc. is not bound by the claim construction in *Graco Children's Products v. Century Products Co.,* No. CIV. A. 93–6710, 1996 WL 421966 (E.D.Pa. July 23, 1996), and all responses thereto, it is hereby ORDERED that Defendant's request is DENIED.