**KOLLMORGEN CORPORATION,**
Plaintiff,

v.

**YASKAWA ELECTRIC CORPORA-TION, Yaskawa Electric America, Inc., Defendants.**

**CIV.A. No. 7:99CV00308.**

United States District Court,
W.D. Virginia,
Roanoke Division.

June 29, 2001.

John A. Diaz, Alfred P. Ewert, Harry C. Marcus, Robert E. Paulson, Andrew M. Riddles, Kenneth S. Weitzman, Morgan & Finnegan, New York City, William B. Poff, Woods, Rogers & Hazlegrove, Roanoke, VA, for Plaintiff.

J. Scott Sexton, Gentry, Locke, Rakes & Moore, Roanoke, VA, William H. Mandir, Eric P. Halber, Sughrue, Mion, Zinn, Macpeak & Seas, PLLC, Washington, DC, for Defendants.

*MEMORANDUM OPINION*

TURK, District Judge.

This matter is before the Court on Defendants', Yaskawa Electric Corporation ("YEC") and Yaskawa Electric America, Inc. ("YEA"), Motion to Adopt the Wisconsin Court's *Markman* Claim Construction Order. Defendants aver that, pursuant to the doctrine of collateral estoppel, this Court should adopt Judge Callahan's December 22, 2000 Construction of Claims Order. Plaintiff contends, however, that the Wisconsin court's construction of patents '437 and '771 should not have a preclusive effect on the case at bar and that Judge Callahan's Order was "plainly wrong" as to vital claims in the patent.

## I. PROCEDURAL BACKGROUND

On June 1, 1999, Allen–Bradley Co., L.L.C. and Reliance Motion Control, Inc. commenced an action seeking declaratory judgment of non-infringement of certain patents owned by Kollmorgen Corporation ("Kollmorgen"). In response, Kollmorgen asserted counter-claims alleging infringement of some of the patents. After a series of dismissals, the Wisconsin Court needed only to construe patents '437 and '771. Throughout the month of November, 2000, the Court entertained a *Markman* hearing and issued an order on December 22, 2000, construing the claims of the two patents. Subsequent to the Court's Order, the parties entered into settlement negotiations and informed the Court that they had reached an agreement, conditioned on the vacatur of the *Markman* Order. Kollmorgen filed a motion asking the Court to vacate its claim construction order, which the Court denied on March 27, 2001. *See Allen–Bradley Co. v. Kollmorgen Corp.*, 199 F.R.D. 316 (E.D.Wis.2001). Kollmorgen filed another

motion asking for Court to certify its denial of vacatur for appeal, or in the alternative, to reconsider its denial of vacatur. Additionally, the defendants in the action before this court, YEC and YEA, filed a motion to intervene. On May 14, 2001, the Court issued an Order denying Kollmorgen's Motions and finding YEC's and YEA's motion to intervene moot.

Approximately one month before the Wisconsin action began, on May 5, 1999, Kollmorgen filed a patent infringement claim against YEC and YEA in the Western District of Virginia involving patents '437 and '771. On February 15, 2001, Defendants filed a Motion to Adopt the Wisconsin Court's *Markman* Construction of Claims in United States Patents '437 and '771. On May 5, 2001, this Court entertained oral argument on said Motion.

## II. ANALYSIS

Subsequent to the Supreme Court's analysis in *Markman v. Westview Instruments*, 517 U.S. 370, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996), the application of collateral estoppel has presented a unique quandary. Prior to *Markman*, a jury determined both the scope and meaning of the allegedly infringed patent and whether the defendant infringed upon such patent. The Court in *Markman*, however, held that determining whether a party has infringed a patent claim requires a two-step process. *See id* at 388–90, 116 S.Ct. 1384. First, the Court must determine as a matter of law the scope and meaning of the patent at issue. *See id.* The jury then will determine as a matter of fact whether the defendant's device infringed upon the patent as construed by the Court. *See id.* As in the case at bar, Courts will often conduct a *"Markman* Hearing" to ascertain plaintiff's patent prior to trial.

## A. The Relationship Between the Doctrine of Collateral Estoppel and a Construction of Claims Order

YEC and YEA argue that, post-*Markman*, courts should apply the collateral estoppel doctrine to a prior court's construction of a patent claim. Collateral estoppel, commonly referred to as issue preclusion, precludes the re-litigation of issues actually litigated and determined in a previous action. *See Blonder–Tongue Labs., v. Univ. of Ill. Found.,* 402 U.S. 313, 329, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971). Issue preclusion is only appropriate if: 1) the issue is identical to one decided in the first action; 2) the issue was actually litigated in the first action; 3) resolution of the issue was essential to a final judgment in the first action; and 4) plaintiff had a full and fair opportunity to litigate the issue in the first action. *A.B. Dick Co. v. Burroughs Corp.,* 713 F.2d 700, 702 (Fed. Cir.1983), *cert. denied,* 464 U.S. 1042, 104 S.Ct. 707, 79 L.Ed.2d 171 (1984); *See also Masco Corp. v. U.S.,* 49 Fed.Cl. 337 (2001) citing *In re Freeman,* 30 F.3d 1459, 1465 (Fed.Cir.1994).

The record indicates that three of the above four requirements have been satisfied. Both this claim and the Wisconsin court action involved alleged infringement of patent claims '771 and '437. Throughout the month of November, 2000, Judge Callahan conducted a seven-day *Markman* hearing to properly determine the scope and meaning of the disputed patents. Following the hearing, the Court issued a Construction of Claims Order on December 22, 2000. At this lengthy hearing, both parties had a "full and fair opportunity" to litigate the construction of patents '437 and '771. Moreover, this Court finds that the parties actually litigated the issue of the patents' scope and claim. Therefore, the central question before this Court is whether the construction of the

two patents "was essential to a final judgment" in the Eastern District of Wisconsin. This Court believes that a consensual settlement between the parties does not constitute a "final judgment." Accordingly, the doctrine of collateral estoppel cannot apply.

### B. The *Markman* Order was not Essential to a Final Judgment

Defendants aver that Judge Callahan's *Markman* ruling "is a final ruling necessary to support a judgment on the merits." To support their contention, Defendants rely heavily on the holding in *TM Patents, L.P. v. IBM Corp.*, 72 F.Supp.2d 370 (S.D.N.Y.1999). The facts in *TM Patents* bear a striking similarity to the case at bar. A judge in an earlier action held a *Markman* hearing and construed the same claims at issue in the action against IBM. *See id.* at 374–76, 116 S.Ct. 1384. Importantly, before a jury determined the alleged infringement, the parties settled the first action. Nonetheless, the Court in *TM Patents* held that the judge's construction of claims in the prior case "were sufficiently 'final' to permit application of collateral estoppel-even though the matter to which they were necessary was never reduced to a final judgment after verdict." *Id.* at 377 (citing Restatement (Second) of Judgments § 13, comment e (1980)).

As the *TM Patents* case indicated, the ruling in *Markman* "ushered in a new regime in patent claims construction." *Id.* at 376, 116 S.Ct. 1384. Nonetheless, the United States Court of Appeals for the Federal Circuit entertains all appeals originating from patent disputes. The Court in *TM Patents* and Defendants in this case incorrectly interpret *Markman*'s ruling as nullifying pre-existing Federal Circuit analysis regarding collateral estoppel. Although *Markman* did empower the judge, rather than the jury, to construe the pat-

ent scope and claim at issue, it did not single-handedly redefine "finality" for collateral estoppel purposes.

### 1. *Markman* and Patent Claim Consistency

■ The policy underlying *Markman* appears to support Kollmorgen's proposition that Judge Callahan's Construction of Claims Order does not have preclusive effect. As *TM Patents* noted, the Court's analysis in *Markman* strongly rested on the "promotion of uniformity in the meaning to be given to a patent claim." *Id.* at 377 (citing *Markman*, 517 U.S. at 390–91, 116 S.Ct. 1384). The Supreme Court's holding stemmed, in large part, from its interest in providing the public with consistent constructions of patent claims. *See Markman*, 517 U.S. at 389–91, 116 S.Ct. 1384. Therefore, it appears extremely ironic that the very order Defendants want this Court to adopt, Plaintiff had no opportunity to have reviewed. When the parties settle, as in the case at hand, the Federal Circuit lacks jurisdiction to review the *Markman* Order without a certified interlocutory appeal. However, even if a District Judge certifies an appeal, the Federal Circuit consistently declines to review patent claim interpretations. *See Cybor Corp. v. FAS Technologies, Inc.*, 138 F.3d 1448, 1479 (Fed.Cir.1998)(Newman, J., additional views). Disturbingly, although the Federal Circuit generally declines interlocutory appeals, when the court dismisses the claim or when parties battle the patent dispute to trial and then appeal the court's claim interpretation, "nearly 40 percent of claims constructions are changed or overturned by the Federal Circuit." *See TM Patents*, 72 F.Supp.2d at 378 citing *Cybor Corp.*, 138 F.3d at 1476 (Rader, J., dissenting).

■ Although Plaintiff had no opportunity to appeal Judge Callahan's patent interpretation, Defendants still assert that

*Markman* supports this Court's adoption of the Wisconsin Court's Order for purposes of providing consistency. This proposition contradicts logic. Clearly, uniformity of patent claims laid the foundation for the Supreme Court's analysis. *See Markman*, 517 U.S. at 390, 116 S.Ct. 1384. This foundation, however, presupposes that the court's construction of the patent is correct. Surely no judicial scholar would argue the Supreme Court's interests in uniformity is mutually exclusive to an interest in a proper patent claim construction. Further, the Supreme Court's interest in uniformity also stemmed from Congress' creation of the Federal Circuit as the exclusive appellate court for patent cases. *See id.* (citing H.R. REP. NO. 97–312, pp. 20–23 (1981)). The Court appeared to value the role of the Federal Circuit as the final interpreter of patent claim construction. Accordingly, this Court believes *Markman* supports the promotion of uniformity, yet it does not stand for the blanketed adoption of patent constructions without first undergoing the Federal Circuit's rigorous review.

### 2. Effect on Future Settlements in Patent Litigation

Moreover, this Court believes that applying collateral estoppel doctrine to an unappealable order would have a chilling effect on settlements. *See also Graco Children's Products, Inc. v. Regalo International, LLC*, 77 F.Supp.2d 660, 664 (E.D.Pa.1999)(noting that granting preclusory effect to claim construction would discourage settlement and increase appeals to correct what the party perceives as unduly narrow claim construction). Contrary to *TM Patents* logic that a "party who cuts off his right to review by settling a disputed matter cannot complain that the question was never reviewed on appeal," 72 F.Supp.2d at 378, this Court strongly believes that a party should have an opportunity to appeal a potentially preclusive order. Defendants and the court in *TM Patents* seem to ignore the reality that the Federal Circuit consistently refuses to review lower court's patent claim constructions on interlocutory appeal. *See Cybor Corp. v. FAS Technologies, Inc.*, 138 F.3d 1448, 1479 (Fed.Cir.1998)(Newman, J., additional views). Thus, the Federal Circuit must assume that such *Markman* Orders will not have a preclusive effect. As more than forty percent of all *Markman* Orders are reversed by the Federal Circuit, logic dictates that for these claim constructions to have a preclusive effect, the litigants must first have an opportunity to seek Federal Circuit review. To follow Defendants' argument would necessarily curtail, if not cease entirely, settlements in patent disputes. Why would a party settle a patent dispute, after a damaging *Markman* Order, with the knowledge that it cannot appeal the district court's patent claim construction? Parties to a settlement will lack any incentive to settle if the virtually unreviewable *Markman* ruling will have a preclusive effect on other potential patent actions.

### 3. The Construction of Claims in Patents '771 and 437 was not Essential to a Final Judgment of Patent Infringement

Defendants aver that any precedent prior to *Markman* pertaining to collateral estoppel cannot apply and is simply inapplicable to the facts at bar. Contrary to Defendants assertions and the holding in *TM Patents*, this Court holds that pre-*Markman* analysis still holds precedential value and applies quite poignantly to this patent dispute. *See e.g., Hilgraeve Corp. v. Symantec Corp.*, 90 F.Supp.2d 850, 853–55 (E.D.Mich.2000). Thus, the central issue in this case remains whether, under the doctrine of collateral estoppel, "the resolution of the issue was essential to a

final judgment in the first action." *See A.B. Dick Co. v. Burroughs Corp.*, 713 F.2d 700, 702 (Fed.Cir.1983), *cert. denied*, 464 U.S. 1042, 104 S.Ct. 707, 79 L.Ed.2d 171 (1984); *See also Masco Corp. v. U.S.*, 49 Fed.Cl. 337 (2001) citing *In re Freeman*, 30 F.3d 1459, 1465 (Fed.Cir.1994). The Federal Circuit held that " 'where a determination of the scope of patent claims was made in a prior case, and the determination was essential to the judgment there on the issue of infringement, there is collateral estoppel in a later case on the scope of such claims.' " *Pfaff v. Wells Electronics*, 5 F.3d 514, 517 (Fed.Cir.1993)(quoting *Molinaro v. Fannon/Courier Corp.*, 745 F.2d 651, 655 (Fed.Cir.1984)). In discussing the application of issue preclusion, the Federal Circuit has held that "judicial statements regarding the scope of patent claims are entitled to collateral estoppel effect in a subsequent infringement suit only to the extent that determination of scope was essential to a final judgment on the question of validity or infringement." *A.B. Dick Co. v. Burroughs Corp.*, 713 F.2d at 704.

Under clear Federal Circuit guidance, this Court may only apply collateral estoppel if it finds that Judge Callahan's interpretation of patent claims '771 and '437 was essential to a final judgment on the question of the patents' infringement. The Federal Circuit has further advised that a Court may also look " 'to the facts of the particular case in deciding whether justice, expediency, and the public interest are served by collateral estoppel.' " *Masco Corp. v. Mas–Hamilton Group*, 49 Fed.Cl. 337, 343–44 (2001)(quoting *Comair Rotron, Inc. v. Nippon Densan Corp.*, 49 F.3d 1535, 1538 (Fed.Cir.1995)); *See also Abbott Laboratories v. Dey, L.P.*, 110 F.Supp.2d 667, 670 (N.D.Ill.2000)(noting that even when the conditions for collateral estoppel are met, the court may still decline to apply issue preclusion).

Defendants correctly note that the parties to the Wisconsin action entered into serious settlement negotiations subsequent to a seemingly damaging construction of claims order. The settlement between the parties clearly ceased the litigation, and neither the court nor a jury ever decided whether defendants infringed upon plaintiff's patents. Thus, the court never reached a "final judgment on the question of validity or infringement." *A.B. Dick Co. v. Burroughs Corp.*, 713 F.2d at 704. Nonetheless, Defendants aver that the court's *Markman* Order may still be considered "final" for purposes of collateral estoppel. *See Lummus Co. v. Commonwealth Oil Ref. Co.*, 297 F.2d 80, 89 (2d Cir.1961). Importantly, both *TM Patents* and *Lummus Co.*, recognize that a determination of whether a ruling is considered "final" "turns upon such factors as the nature of the decision (i.e., that it was not avowedly tentative), the adequacy of the hearing, and the opportunity for review." *Id.* at 90.

As discussed above, this Court believes the lack of any realistic opportunity for Federal Circuit review greatly outweighs the adequacy of the hearing and the nature of the *Markman* Order. As noted in *Cybor v. FAS Technologies, Inc.*, 138 F.3d 1448 (Fed.Cir.1998), "[t]he meaning of a claim is not certain (and the parties are not prepared to settle) until nearly the last step in the process-decision by the Court of Appeals for the Federal Circuit." *Id.* at 1476 (Rader, J., dissenting). Although this Court is mindful that the Court in *Markman* strove for consistency and uniformity in such claim constructions, in light of a totality of circumstances, Kollmorgen's inability to have the order reviewed is fatal to Defendant's Motion to Adopt. As the Wisconsin Court never reached a decision as to the patent infringement claim, the order necessarily could not prove essential

to a non-existent final judgment, and thus, collateral estoppel will not apply to the determination of patents '771 and '437. *See A.B. Dick Co. v. Burroughs Corp.,* 713 F.2d 700, 702 (Fed.Cir.1983), *cert. denied,* 464 U.S. 1042, 104 S.Ct. 707, 79 L.Ed.2d 171 (1984); *See also Masco Corp. v. U.S.,* 49 Fed.Cl. 337 (2001) citing *In re Freeman,* 30 F.3d 1459, 1465 (Fed.Cir.1994).

### III. CONCLUSION

Courts need not blindly apply the doctrine of collateral estoppel to a prior *Markman* ruling that construes a patent's scope and claim. The Federal Circuit's review of a lower court's ruling is crucial to providing the public with a uniform and proper patent claim construction. *See Markman,* 517 U.S. at 390, 116 S.Ct. 1384. Based upon the policy concerns in *Markman* and the applicable precedent, this Court holds that Judge Callahan's *Markman* ruling was not essential to a determination of patent infringement. Accordingly, issue preclusion does not apply to the facts at bar, and thus, Defendant's Motion to Adopt the Wisconsin Court's Construction of Claims in Patents '437 and '771 is **DENIED.** Further, as the Court holds that collateral estoppel is improper under the totality of circumstances, this Court need not discuss whether Judge Callahan's construction of claims was "plainly wrong."

The Clerk of Court is directed to send certified copies of this Opinion to all counsel of record.

### *ORDER*

This matter is before the Court on Defendants', Yaskawa Electric Corporation ("YEC") and Yaskawa Electric America, Inc. ("YEA"), Motion to Adopt the Wisconsin Court's *Markman* Claim Construction Order. In accordance with the Memorandum Opinion filed this date, it is hereby

### ADJUDGED AND ORDERED

that Defendants' Motion to Adopt the Wisconsin Court's Construction of Claims in U.S. Patents Nos. '437 and '771 is **DENIED.**

The Clerk of Court is directed to send certified copies of this Order and accompanying Memorandum Opinion to all counsel of record.